IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.  Case Nos.:   1:09cr11/WTH/GRJ
              1:16cv260/WTH/GRJ

JOSE SANCHEZ

## ORDER and REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's first amended "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" and a "Retroactive Motion under 18 U.S.C. § 2255 based on *Dean v. United States*," which the court construed as a motion to amend Petitioner's § 2255 motion. (ECF Nos. 152, 157.)  The Government has responded to both motions.  (ECF Nos. 155, 159.)  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   The Court concludes that Petitioner has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.   *See* Rules 8(a) and (b) Governing Section 2255 Cases.

## **BACKGROUND and ANALYSIS**

On December 16, 2009, Petitioner was sentenced to two consecutive 60 month terms of imprisonment after his guilty plea and conviction of conspiracy to distribute and possess with intent to distribute more than 100 marijuana plants and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (ECF No. 113-115, 134, 136.)  He did not appeal.  On July 18, 2016, the clerk received an un-dated pleading titled "Motion for Relief of Extention [sic] under *Johnson v. United States*, 135 S. Ct. 2551 (2016)" which was postmarked July 13, 2016.  (ECF No. 149.)  The court directed Petitioner to file an amended motion, and it is that motion which is currently before the court.  The lone claim for relief in this motion is that Petitioner's conviction pursuant to 18 U.S.C. § 924(c) must be vacated after the Supreme Court's decision in *Johnson*.  This claim is untimely, as it was not filed within one year of the *Johnson* decision.  *See* 28 U.S.C. § 2255(f).  It is also without merit.

In *Johnson*, the Supreme Court's invalided the so called "residual clause" in the Armed Career Criminal Act ("ACCA"), holding that imposing an increased sentence under this clause violated Due Process.  135 S. Ct.

at 2563.   Petitioner, who was neither charged nor sentenced under the ACCA, 18 U.S.C. § 924(e), now seeks to extend the application of *Johnson* to § 924(c).   This section provides in relevant part that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm shall . . . (i) be sentenced to a term of imprisonment of not less than 5 years."   18 U.S.C. § 924(c).   The term "crime of violence" as defined in 18 U.S.C. § 924(c)(3) is similar to the definition of the term in § 924(e).   Whether *Johnson* applies to convictions under 924(c) is an "open question".   *See In re Sams,* 830 F.3d 1234, 1237 (11th Cir. 2016).   However, even if *Johnson* applies to convictions under 924(c), it would have no bearing upon the facts of Petitioner's case.   Petitioner's companion offense was a drug trafficking crime, not a crime of violence.   Thus, the definition of "crime of violence" is irrelevant, and he is not entitled to relief.

   Petitioner's amendment to his § 2255 motion is based upon the Supreme Court's recent decision in *Dean v. United States*, 137 S. Ct. 1170 (2017).   In *Dean,* the court held that § 924(c) does not prevent the

sentencing court from considering the mandatory minimum that will be imposed under that provision when calculating an appropriate sentence for the predicate offense.   137 S. Ct. at 1172-1173.   Stated otherwise, a court may determine that a just sentence for the predicate count is less than the applicable advisory guidelines range in light of the mandatory consecutive sentence on the 924(c) count.   This principle has no bearing in Petitioner's case, as he was sentenced to a statutory mandatory minimum sentence on Count One.   (*See* ECF No. 151, PSR at ¶¶ 70, 71; ECF No. 138.)   The sentencing court had no authority to depart below this sentence, even if it had wanted to.   Therefore, *Dean* also affords Petitioner no relief.

## Conclusion

Petitioner has failed to show that the claims raised in either his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 or the amendment thereto have merit.   Nor has he shown that an evidentiary hearing is warranted.   Petitioner's motion should be denied in its entirety.

## CERTIFICATE OF APPEALABILITY

Case Nos.: 1:09cr11/WTH/GRJ; 1:16cv260/WTH/GRJ

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly it is **ORDERED**:

Petitioner's "Retroactive Motion under 18 U.S.C. § 2255 based on *Dean v. United States*" (ECF No. 157) is **GRANTED** to the extent the court has considered the claim raised therein as part of the instant § 2255 motion.

And, it is respectfully **RECOMMENDED** that:

1. The amended "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 152), as further amended by Petitioner's "Retroactive Motion under 18 U.S.C. § 2255 based on *Dean v. United States*" (ECF No. 157), should be **DENIED**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 31st day of May, 2017.

*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party**

**fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   See 11th Cir. Rule 3-1; 28 U.S.C. § 636**.